[No. B196567. Second Dist., Div. Eight. July 14, 2008.]

MARY JONES, Plaintiff and Appellant, v.
THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, Defendant and
Respondent.

**COUNSEL**

Mary Jones, in pro. per., for Plaintiff and Appellant.

Lewis Brisbois Bisgaard & Smith, Alan R. Zuckerman and Keri Lynn Bush for Defendant and Respondent.

**OPINION**

**COOPER, P. J.**—Plaintiff Mary Jones appeals from an order denying her motion for an injunction barring defendant, the Regents of the University of California (university), from requiring that administrative complaints of whistleblower retaliation be presented on a form that plaintiff contends violates constitutional free speech rights. The trial court denied the motion, both on equitable grounds and for legal reasons concerning the merits. We affirm, principally because we agree with the trial court that, as the university represented, the form was optional not mandatory, and hence an injunction was unnecessary.

## FACTS

Plaintiff, a nurse employed at the University of California, Los Angeles (UCLA), filed a superior court complaint for employment discrimination and

retaliation. She asserted, inter alia, that she had undergone adverse employment action in retaliation for reporting unsanitary and unsafe practices at a UCLA hospital, where she worked. On the university's motion to strike, the trial court ruled that with respect to her allegations of whistleblower retaliation, plaintiff had failed to exhaust internal administrative remedies, as required by Government Code section 8547.10, subdivision (a) (undesignated section references are to that code), a provision of the California Whistleblower Protection Act (§ 8547 et seq.) concerning university employees.

Plaintiff proceeded to file a first amended complaint (FAC). Her renewed retaliation cause of action alleged that she had exhausted her remedies as far as lawful, but had not filed the administrative complaint section 8547.10, subdivision (a) required, because the form for it called for her to waive her First Amendment rights, by agreeing to comply with a confidentiality provision, which stated that parties were expected to keep the proceedings confidential. Plaintiff repeated these allegations in further portions of her FAC, which prayed for an injunction against requiring a waiver of free speech rights as a condition of filing a whistleblower retaliation claim.

Plaintiff then filed a motion for such an injunction. She attached two "UCLA Whistleblower Retaliation Complaint Forms" she had received. Both contained a three-paragraph "Confidentiality Statement," generally to the effect that the university would handle the complaint as a confidential matter, and would disclose it and information derived from investigating it only as required by law, or to those requiring such disclosure to resolve the complaint or assist in its investigation. In addition, before the results of the investigation were reported, the person accused of retaliation would be allowed to review and respond to the information to be relied on for an adverse finding. University employees were required to cooperate in the investigation, as requested; failure to do so "may warrant findings adverse to that party." Most relevant here, the confidentiality statement provided that "Until the decision in the matter is reached or the complaint is dismissed or otherwise resolved, persons who are parties to the complaint are expected to treat the matter as confidential so as not to compromise any investigation and to respect the rights of the parties."

The form then contained a three-sentence "Declaration," labeled as "required per the California Whistleblower Protection Act." The first sentence constituted a declaration under penalty of perjury of the truth of the facts stated in the complaint and any information submitted with it. As plaintiff

stresses, only this declaration was actually required by statute, namely section 8547.10, subdivision (a). The second sentence then stated, "I agree to cooperate in any investigation of this matter, and declare that I have read, understand, and *will comply with the confidentiality requirements stated above.*" (Italics added.) The third sentence acknowledged that communications with the claimant's named representative would be treated as having been made with the claimant.

In its points and authorities in opposition to the motion for injunction, the university asserted, inter alia, that use of this complaint form (the form) was not mandatory for a whistleblower retaliation complaint, as long as the complainant fulfilled the statutory requirement (§ 8547.10, subd. (a)) of a statement made under penalty of perjury. The university explained that although plaintiff contended the form's requirement of confidentiality restricted her constitutional rights, "nothing requires that a complainant use this form . . . . Plaintiff could have filed a complaint without the form provided that her complaint included a sworn statement made under penalty of perjury. As the form is optional, it cannot be said to in any way restrict Plaintiff's speech." An injunction therefore was not necessary.

The trial court denied the motion for injunction. In its tentative ruling, the court stated as reasons that (1) there was no threat of irreparable harm; (2) the requirement of a sworn declaration for a university whistleblower retaliation complaint had been sustained in *Campbell v. Regents of the University of California* (2005) 35 Cal.4th 311 [25 Cal.Rptr.3d 320, 106 P.3d 976] (*Campbell*);[1] (3) "The recommended form provided by the university need not be used by a complainant"; and (4) the form did not restrict First Amendment rights, but rather "simply informs that discretion is expected." Plaintiff noticed this appeal.[2]

---

[1] *Campbell, supra,* 35 Cal.4th 311, did not pass on section 8547.10, subdivision (a). The case held that a university employee had to exhaust administrative remedies before filing a retaliation suit under certain whistleblower statutes.

[2] The court later granted the university's motion to strike, among other things, plaintiff's allegations of whistleblower retaliation, for failure to exhaust administrative remedies. Concurrently, the court sustained, with leave to amend, the university's demurrer to the causes of action that pled plaintiff's First Amendment claim. We dismissed plaintiff's appeal from this order, which did not constitute a final, appealable judgment. Similarly, plaintiff's present requests for reversal of orders besides the denial of the motion for injunction exceed the scope of her appeal.

## DISCUSSION

Plaintiff contends that the form's provision that she agree to comply with the form's confidentiality requirements violates both federal and California constitutional guarantees of free speech (U.S. Const., Amends. 1, 14; Cal. Const., art. I, § 2, subd. (a)), because it requires plaintiff to waive exercise of those rights, by way of "whistleblower speech." Concurrently, plaintiff contends that the requirement of such a waiver by a complaining whistleblower itself constitutes retaliation, impermissible under Labor Code section 1102.5.

We note initially that plaintiff misconstrues the reach of the form's confidentiality requirements. As applicable to a complainant, the confidentiality statement in terms requires only confidential treatment of the administrative "matter" the form commences. Moreover, that requirement applies only until the matter is resolved. The provision does not preclude any completed or new "whistleblowing," nor does it call for confidentiality about anything other than the administrative proceeding undertaken with the complaint.

With respect to this remaining range of confidentiality, regarding the proceeding itself, plaintiff failed to establish entitlement to an injunction, primarily because it was not necessary. The university declared below, and the trial court ruled, that use of the form was not required to initiate a whistleblower retaliation complaint. The university echoes that position here: it characterizes the form as "an optional form," containing "an optional request," and it acknowledged that status at oral argument. This understanding comports with the university's formal Whistleblower Protection Policy, of October 4, 2002, which describes the contents of a sufficient retaliation complaint, does not refer to confidentiality, and provides for amendment of an inexact complaint. (University of California Policy for Protection of Whistleblowers from Retaliation and Guidelines for Reviewing Complaints (2002) § IV.D.1., p. 6 <http://www.ucop.edu/ucophome/coordrev/policy/10–04–02retaliation.pdf> [as of July 14, 2008].) Although the record reflects certain somewhat inconsistent statements preceding this litigation,[3] we consider valid and binding the university's representations to this court and the trial court, that the form is not a mandatory or exclusive means for presenting a whistleblower retaliation complaint, so long as the requirements of section 8547.10, subdivision (a) are met. Because plaintiff therefore need not subscribe to the

---

[3] Thus, (1) UCLA's own whistleblower complaints procedure (filed with the university's brief below) included the form as an attachment, and stated that a complainant should file it; (2) plaintiff received the same advice from UCLA's designated official for receiving complaints; and (3) as noted, the form itself incorrectly states that section 8547.10, subdivision (a) requires the complainant's undertaking of confidentiality.

language in the form that she deems constitutionally offensive, denial of the requested injunction was proper.[4]

A second reason why plaintiff cannot here prevail is that she has failed to make an adequate showing on her claim of free speech violation. She flatly avers that the form's provision for claimant confidentiality is unconstitutional, without considering or discussing the existence or strength of any public interests that may support the limited restriction, including those recited in the provision itself.

This court confronted a similar situation in *Doe 1 v. Superior Court* (2005) 132 Cal.App.4th 1160 [34 Cal.Rptr.3d 248], in which the plaintiffs in a group of tort cases opposed a protective order that would keep confidential materials that had been prepared for a mediation. Responding to the plaintiffs' contention that the order, and implicitly the statutes requiring it, "would act as a prior restraint on free speech" (*id.* at p. 1170), we stated: "We do not believe plaintiffs have properly briefed the issues they have placed before us. Plaintiffs' argument is really an attack on the constitutionality of sections 1119, subdivision (c), and 1122, subdivision (a)(2). . . . [W]e believe such an argument would, at a minimum, have to address the governmental interests served by mediation confidentiality and an analysis that distinguished information obtained solely by virtue of the mediation process from information obtained solely by virtue of pretrial discovery. [Citation.] Plaintiffs have failed to do so, and we therefore deem the issue waived. [Citation.]" (*Id.* at p. 1171.) A comparable situation obtains here, and the result must be effectively the same.

■ Finally, we reject plaintiff's claim that the form's confidentiality requirement is itself an act of whistleblower retaliation, violative of Labor Code section 1102.5. The form was intended to remediate whistleblower retaliation, and its limited (and optional) requirement of applicant confidentiality does not constitute an adverse employment action. (See *Patten v. Grant Joint Union High School Dist.* (2005) 134 Cal.App.4th 1378, 1384, 1387–1388 [37 Cal.Rptr.3d 113].)

---

[4] There may be cases in which confusion over the necessity of the form or its contents will have delayed the filing of a complaint beyond the time ordinarily required. In such a case, UCLA's original failure to make clear the optional nature of the form may merit consideration.

## DISPOSITION

The order denying the motion for injunction is affirmed. The parties shall bear their own costs.

Rubin, J., and Flier, J., concurred.

Appellant's petition for review by the Supreme Court was denied September 17, 2008, S165805.